IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA

HARVEY A. BUCHHOLZ,

    Plaintiff,

vs.                                                      CASE NO.: 13-3462CA15

TARGET CORPORATION, a Foreign
Profit Corporation, d/b/a TARGET
STORE T-1074

    Defendant

_____/

## SECOND AMENDED COMPLAINT

Plaintiff, HARVEY A. BUCHHOLZ, and by and through his attorney, Ronald E. Stern, Esq., and the Law Offices of the Advocacy Law Firm, P.A., hereby files his Complaint against Defendant, Target Corporation, d/b/a TARGET STORE T-1074 and in support thereof states as follows:

### JURISDICTION

1. Plaintiff, HARVEY A. BUCHHOLZ, is a citizen and a resident of Miami-Dade County, Florida and within the jurisdiction of this Honorable Court.

2. Defendant, TARGET CORPORATION, is a foreign profit corporation doing business in Miami-Dade County, Florida, which owns, manages and directs the TARGET store located at 21265 Biscayne Boulevard in Aventura, Florida (hereinafter the "Target store") and is within the jurisdiction of this Honorable Court.

3. The action accrued in Miami-Dade County.

### ALLEGATIONS

4. On June 28, 2011, the Plaintiff, a disabled war veteran who uses a wheelchair for mobility, was a business invitee on the premises of the above-referenced Target store located at 21265 Biscayne Boulevard in Aventura, Florida.

5. At all times material hereto, the Defendant, Target Corporation, was responsible for the care, custody and control of the premises of the above referenced Target store.

1

**EXHIBIT "A"**

6. At all times material hereto, the Defendant, Target Corporation, was acting through its agents, servants, workers and/ or employees.

7. On June 28, 2011, the Plaintiff was leaving the restroom when the restroom door, because of its excessive weight, slammed into the Plaintiff who was seated in his wheelchair.

8. The slamming of the restroom door caused severe injuries to Plaintiff's person and to his wheelchair more fully described hereinafter.

9. As a result of the failure of the Defendant to properly maintain the restroom door in accordance with all applicable laws, the Plaintiff sustained serious and severe injuries to his person, including but not limited to a hairline fracture of his wrist and right arm damage to his electric wheelchair.

10. Plaintiff was a business invitee who was invited to enter or remain on the land for a purpose directly or indirectly connected with the business dealings of Defendant, Target Corporation. Defendant, Target Corporation, as a possessor of the premises owed two legal duties to the Plaintiff: (1) to use reasonable care to maintain the premises in a safe condition, which duty includes a duty to use reasonable care to learn of the existence of any dangerous conditions on the premises; and (2) to give the Plaintiff warning of concealed perils which are or should be known to the Defendant, but are unknown to the Plaintiff and could not be discovered by him. *See* Economy Cash & Carry Cleaners, Inc. v. Gitlin, 1 So.2d 191 (Fla. 1941); *See also* Fontana v. Wilson World Maingate Condominium, 717 So. 2d 199 (Fla. 5th DCA 1998).

11. The Defendant had actual and/or constructive notice of the aforesaid defect of the restroom door in advance of the time of Plaintiff's injury.

## COUNT 1
### NEGLIGENCE OF THE DEFENDANT

12. The Plaintiff incorporates herein by reference, the allegations of paragraphs 1 through 11 as if more fully set forth herein at length.

13. The aforesaid incident occurred was proximately caused by the careless, negligent, and grossly negligent conduct of the Defendant, which consisted of the following particulars:
    a. Failing to maintain the above-referenced restroom door in a safe condition free of excessive weight, which was recognized or should have been recognized by the Defendant, as to cause serious physical harm to the Plaintiff, HARVEY A. BUCHHOLZ.
    b. Failing to supervise the restroom door and thereby provide the Plaintiff, HARVEY A. BUCHHOLZ, accessibility to the store's restroom without the hazard of the door slamming and causing injury and damage;
    c. Failing to properly inspect the restroom door so as to provide the Plaintiff, HARVEY A. BUCHHOLZ, accessibility to the store's restroom without the hazard of the door slamming and causing injury and damage;
    d. Failing to comply with applicable laws and regulations of the State of Florida.

### DAMAGES

14. As a direct and proximate result of the Defendant's negligence, the Plaintiff has incurred medical expenses for the treatment and care of the injury to his wrist as more fully set forth in his treating physicians' medical records.

15. As a proximate result of the Defendant's negligence, the Plaintiff has endured physical pain and suffering, as well as inconvenience, embarrassment and emotional upset and worry.

16. As a proximate result of the Defendant's negligence, the Plaintiff has been deprived of his pleasures of life and equanimity.

17. As a proximate result of the Defendant's negligence, the Plaintiff's overall health, strength and vitality have been impaired

18. As a proximate result of the Defendant's negligence, the Plaintiff has incurred costs associated with his damaged wheelchair.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff, HARVEY A. BUCHHOLZ demands judgment against the Defendant, TARGET CORPORATION, in the amount of seventy thousand dollars ($70,000.00) for monetary damages, notwithstanding, Plaintiff may seek the right for further consequential damages, and pre and post-judgment interest, together with such other and further relief as this Honorable Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 23rd day of May, 2013

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

Respectfully submitted,

Ronald E. Stern, Esq.
The Advocacy Law Firm, P.A.
1250 E. Hallandale Beach Blvd.,
Suite 503
Hallandale Beach, Florida 33009
Tel.: 954-639-7016
Fax: 954-639-7198
Attorney for Plaintiff, Harvey Buchholz

By: S/ Ronald E. Stern, Esq.
    Bar No. 10089

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA

HARVEY A. BUCHHOLZ,

    Plaintiff,

vs.                                              CASE NO.: 13-3462CA15

TARGET CORPORATION, a Foreign
Profit Corporation, d/b/a TARGET
STORE T-1074

    Defendant

_____/

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 23rd day of May, 2013, I filed the Complaint along with a Summons for the Defendant with the Clerk of Court. I also certify that the aforementioned document is being served on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified via Service of Process by an authorized Process Server, and that all future pleadings, motions and documents will be served either via transmission of Notices of Electronic Filing generated by CM/ECF or Via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ Ronald E. Stern, Esq.
Ronald E. Stern, Esq.
Florida Bar No.: 10089
THE ADVOCACY LAW FIRM, P.A.
1250 East Hallandale Beach Boulevard, Suite 503
Hallandale Beach, Florida 33009
Telephone:   (954) 639-7016
Facsimile: (954) 639-7198
Attorney for Plaintiff HARVEY A. BUCHHOLZ

6

## SERVICE LIST:

HARVEY A. BUCHHOLZ vs. TARGET CORPORATION, a Foreign Profit Corporation, d/b/a TARGET STORE T-1074

In The Circuit Court of the 11th Judicial Circuit
In and For Dade County, Florida

CASE NO. 13-3462CA15

**Attorneys for Defendant,
Target Corporation**

Charles P. Flick, Esq.
Shawn Libman, Esq.
Seipp & Flick
Two Alhambra Plaza
Suite 800
Miami, Florida 33134-5214

**VIA U.S. MAIL AND
ELECTRONICALLY**